UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARTA GUMPERT and EDWIN GUMPERT | CIVIL ACTION |
| v. | NO. 17-11022 |
| ENCOMPASS PROPERTY AND CASUALTY COMPANY | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion for partial summary judgment, noticed for submission on July 25, 2018, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] There is no genuine dispute that Edwin Gumpert III executed a valid waiver of uninsured/underinsured motorist coverage for the relevant Encompass automobile liability policy. The defendant submits, and the plaintiffs do not dispute, that the waiver remained valid and enforceable at the time of the motor vehicle accident giving rise to this lawsuit, and that, accordingly, the relevant excess liability policy does not provide UM benefits unless and until the damages exceed the underlying tort limits and also exceed the underlying required coverage of $100,000.00 per person as fashioned by the excess liability policy provisions. The Court agrees. See Hayes v. De Barton, 211 So. 3d 1275 (La. App. 3d Cir. 2017); Washam v. Chancellor, 507 So. 2d 806 (La. 1987); Sacks v. Allstate Prop. & Casualty Ins. Co., No. 16-16578, 2018 WL 1409269 (E.D. La. Mar. 21, 2018); Tijerina v. Stawecki, et al., 670 So. 2d 792 (La. App. 3d Cir. 1996). Once an insurer signs

that the defendant's motion for partial summary judgment is hereby GRANTED as unopposed. Plaintiffs cannot access their umbrella coverage until they prove that damages exceed $100,000.00 per person.[2]

New Orleans, Louisiana, July 27, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

and completes a UM waiver form, the burden shifts to the insured to prove that they did not knowingly select lower coverage. Sacks, 2018 WL 1409269 at *2 (citing Duncan v. USAA Ins. Co., 950 So. 2d 544 (La. 2006)). The defendant produced the properly completed UM waiver form signed by Edwin Gumpert III and provided sufficient evidence of his deposition testimony verifying the authenticity of the signatures. Because the plaintiffs failed to submit any additional evidence on this matter, they failed to carry their burden. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)(summary judgment is proper if the party opposing the motion fails to establish an essential element of his case.).

[2] It is presumed that if the plaintiffs had filed an opposition, then they would argue that they purchased an excess policy subsequent to signing the UM waiver. Their excess policy liability limits remained $100,000.00 per person. This umbrella policy is included with the UM coverage unless expressly rejected by the insured. Southern American Ins. Co. v. Dobson, 441 So. 2d 1185 (La. 1983). The plaintiffs' policy clearly provides that their "optional excess protection" cannot be obtained until after their "minimum retained limit" is exceeded. The plaintiffs did not reject this provision. Additionally, Louisiana case law holds that the addition of an umbrella or excess policy does not affect the validity of a UM waiver until after the damages exceed underlying coverage limits. Id. Because the excess policy does not affect the validity of the UM waiver, the plaintiffs cannot access their umbrella coverage until UM damages exceed $100,000.00 per person.